IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0783-MJR-PMF |
| | ) |
| NATIONWIDE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

A. Introduction and Procedural Overview

In July 2011, Robert Miller sued Nationwide Insurance Company of America in the Circuit Court of Williamson County, Illinois. Miller's complaint sought a declaratory judgment on an automobile insurance policy issued by Nationwide to Brent Clary, under which policy Chasity Clary was an insured. More specifically, the Williamson County complaint seeks a declaration that either (a) the policy in question clearly provides $300,000 per person and $900,000 per occurrence or (b) the policy is ambiguous and, "pursuant to public policy," there is $300,000 of coverage per person and $900,000 of coverage per occurrence, "for the benefit of Chasity Clary arising out of the motor vehicle collision that give rise to" a lawsuit pending in the Circuit Court of Hamilton County, Illinois (Doc. 2-2, p. 2). The Hamilton County lawsuit was filed by Robert Miller against Chasity Clary, alleging that Clary negligently operated her 1997 Dodge Avenger, resulting in a collision with Miller.

1

To summarize, Robert Miller filed two state court lawsuits – a personal injury negligence suit in Hamilton County against Chasity Clary, and a declaratory judgment lawsuit in Williamson County against Nationwide Insurance. Served with the declaratory judgment complaint on August 1, 2011, Nationwide removed that action from Williamson County to this United States District Court on August 30, 2011, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332.

After securing additional time to respond to Miller's declaratory judgment complaint, Nationwide moved to dismiss Miller's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion became ripe with the filing of a reply brief on November 4, 2011. For the reasons stated below, the Court directs counsel to brief a threshold jurisdictional issue before resolving the dismissal motion.

B.  Applicable Legal Standards

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." **Khorrami v. Rolince, 539 F.3d 782, 788 (7th Cir. 2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).** As the Court of Appeals for the Seventh Circuit has clarified: "Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" **Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009), quoting Tamayo v. Blagoyevich, 526 F.3d 1074, 1081 (7th Cir. 2008).**

However, a Rule 12(b)(6) dismissal motion "must be decided solely on the face of the complaint and any attachments that accompanied its filing." ***Miller v. Herman***, 600 F.3d 726, 733 (7th Cir. 2010), *citing* Fed. R. Civ. P. 10(c) and ***Segal v. Geisha NYC, LLC,*** 517 F.3d 501, 504-05 (7th Cir. 2008). If, on a Rule 12(b)(6) motion, matters *outside* the pleadings are presented to (and not excluded by) the court, the motion must be treated as a Rule 56 motion for summary judgment. ***General Insurance Co. of America v. Clark Mall Corp.***, 644 F.3d 375, 378 (7th Cir. 2011); **Fed. R. Civ. P. 12(d).** That means the court must notify the parties that it will consider the additional matters and provide a reasonable opportunity for the parties to present all materials pertinent to the motion, so construed. ***Doss v. Clearwater Title Co.***, 551 F.3d 634, 639-40 (7th Cir. 2008)("The district court's principal mistake was in thinking that it was entitled to rely on the deed of sale attached to the defendants' Rule 12(b)(6) motion, in the course of adjudicating that motion. Whether or not the deed was the kind of document for which judicial notice was proper … there is no doubt that it was a 'matter outside the pleadings.'"). Bearing these standards in mind, the undersigned turns to the pending motion before him.

C. Analysis

In this removed declaratory judgment action, Plaintiff Miller contends that the liability limits of the policy Nationwide Insurance issued to its insured (Chasity Clary) "stack" to provide $300,000 per person and $900,000 per occurrence. Defendant Nationwide asserts that Miller's declaratory judgment complaint fails to state a cause of action, thereby meriting dismissal, for the following reasons.

First, Nationwide maintains that Ohio law governs interpretation of the policy (due to an express choice-of-law term contained in the insurance policy), and under Ohio law (a) Robert Miller has no standing to bring suit against Nationwide until he obtains a judgment against Chasity Clary, and (b) no actual controversy exists at this time (because the obligations of the parties have not been determined in the underlying personal injury suit), so the complaint fails to state a cause of action upon which relief can be granted. Alternatively, Nationwide argues that if this Court finds Illinois law applicable, Miller lacks standing to sue Nationwide and/or Miller's declaratory judgment suit is premature.[1]

To support its argument for application of Ohio law, Nationwide cites the "Applicable Contract Law" term from the insurance policy. The parties proceed as if the policy itself is part of the record before this Court. Unfortunately, this is not so. Although the policy apparently was attached to Plaintiff's state court complaint in Williamson County Circuit Court, it was not filed in this Court upon removal. The removal notice has two attachments, a one-page Civil Cover Sheet (Doc. 2-1), and a six-page exhibit (Doc. 2-2) consisting of the complaint, a certification that the policy in question was maintained as part of regular business activities, and several summons forms. Whether due to a filing oversight or a docketing glitch, the fact is that the insurance policy simply does not appear in the record before this Court.

---

[1] Here, Nationwide emphasizes that neither it (the insurer) nor Chasity Clary (the insured) has filed a declaratory judgment suit to determine the scope of coverage. Moreover, Nationwide has not *denied* a defense to Clary in the Hamilton County personal injury suit; rather, Nationwide is defending Clary under a reservation of rights. Since the underlying claim is still pending, there is no judgment against the insured, and there has been no refusal by the insurer to defend the insured, "there is no actual controversy at this time," even under Illinois law (Doc. 10, p. 6).

So resolution of Defendant's dismissal motion requires the Court to determine what state's law governs this dispute, but the contract relied on by Defendant to answer that question (the policy) is not properly before the Court. Furthermore, Plaintiff Miller opposes Defendant's dismissal motion by distinguishing the facts of this declaratory judgment action from the facts in one of the primary Ohio cases relied on by Nationwide. To support this distinction, Plaintiff produces interrogatory answers from the underlying Hamilton County personal injury suit (*see* Doc. 12-1, p. 2 and attachments). Of course, the Court cannot consider such materials within the confines of a Rule 12(b)(6) motion. But a more fundamental problem appears on the Court's review of the record – it is unclear whether subject matter jurisdiction lies here.

The removal notice states that Robert Miller is an Illinois citizen, Nationwide is an Iowa citizen, and the amount in controversy exceeds the jurisdictional floor. As to Nationwide's citizenship, the removal notice alleges that Nationwide is "an Iowa corporation, with its principal place of business in Des Moines, Iowa" (Doc. 2, p. 2). This does render Nationwide an Iowa citizen under 28 U.S.C. 1332(c)(1), but the jurisdictional inquiry does not end there.

Section 1332(c)(1) further provides that, "in any direct action against the insurer of a policy or contract of liability insurance, … to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." The Seventh Circuit has described this provision as "a special rule for insurers in 'direct actions' – that is, cases in which a person with a claim against the insured sues the insurer directly.'" **Nat'l Athletic Sportswear, Inc. v. Westfield Ins.**

*Co.*, 528 F.3d 508, 511, n.1 (7th Cir. 2008), *quoting Indiana Gas Co. v. Homes Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 525 U.S. 931 (1998).

The case at bar appears to be a direct action against an insurer (Nationwide) to which the insured (Chasity Clary) is not joined as a party-defendant. Thus, the insurer (Nationwide) would be deemed a citizen of the state of which the insured (Clary) is a citizen. The critical question, then, is "what is Clary's citizenship?"

The interrogatory answers supplied by Robert Miller with his brief opposing dismissal – which are not properly considered on a Rule 12(b)(6) motion but may be considered on the question of subject matter jurisdiction – indicate that Chasity Clary may well be an Illinois citizen. In those answers, she provided her *residence address* as "RR 1, Box 1, Dahldren, IL" (Doc. 12-1, p. 1). Residence does not equate to citizenship for purposes of diversity analysis, so the Court cannot presume that Chasity Clary (the insured) is an Illinois citizen. However, the materials submitted on the dismissal motion have raised concern as to whether the undersigned Judge enjoys subject matter jurisdiction.

Accordingly, the Court **DIRECTS** Defendant Nationwide (the proponent of federal jurisdiction, who removed this action) to **file a Jurisdictional Memorandum by November 28, 2011** discussing whether the parties to this action are completely diverse, specifically identifying Chasity Clary's citizenship, and addressing the applicability of Section 1332(c)(1)'s provision regarding direct actions against insurers in which the insured is not joined as a party-defendant. Only if the undersigned Judge can verify that subject matter jurisdiction lies will he rule on Nationwide's dismissal motion.

IT IS SO ORDERED.

DATED November 15, 2011.

s/ **_Michael J. Reagan_**
Michael J. Reagan
United States District Judge

7